UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
GRACIELA BRETSCHNEIDER DONCOUSE,

                         Plaintiff,                       **COMPLAINT**

      -against-                            *Civil Action No.*
                                                                **1:15-cv-07446**

ANTHROPOLOGIE, INC., A FOREIGN BUSINESS
CORPORATION, and 85 FIFTH AVENUE OWNER LLC,
A FOREIGN LIMITED LIABILITY COMPANY

                         Defendants.
---------------------------------------X

Plaintiff, GRACIELA BRETSCHNEIDER DONCOUSE, (hereinafter the "Plaintiff"), through her counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues ANTHROPOLOGIE, INC., a foreign business corporation, and 85 FIFTH AVENUE OWNER LLC, a foreign limited liability company, both registered in New York, (hereinafter collectively "Defendants"), for injunctive relief, attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relied pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York.

3. The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4. At the time of Plaintiff's visit to the Anthropologie store located at 85 5th Avenue New York, NY 10003 prior to the instant action, Plaintiff was/is a resident in the state of New York. Plaintiff suffers from disability causing her to be a paraplegic, which constitutes a "qualified disability" under the ADA of 1990. That is, Plaintiff is wheelchair bound and uses a wheelchair for mobility.

5. On July 29, 2015 at 7:00pm, Plaintiff was out shopping and attempted to enter Defendant's premises, but because of the barrier of steps at the entrances, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is subject to this instant litigation.

6. The Defendants ANTHROPOLOGIE, INC. and 85 FIFTH AVENUE OWNER LLC are the authorized to conduct, and are conducting business within the State of New York. Upon information and belief, ANTHROPOLOGIE, INC. is the lessee and/or operator of the real property (hereinafter "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the Subject Facility, and Defendants also, which also maintains and controls the Subject Facility. Upon information and belief, 85 FIFTH AVENUE OWNER LLC , is the owner, lessor and/or operator and managing agent of the real property where the Subject Facility is located which is the subject of this action, the facility commonly referred to as ANTHROPOLOGIE, INC., which also maintains and controls the subject real property.

7. All events giving rise to this lawsuit occurred in the City of New York, State of New York. Venue is proper in this Court as the premises is located in the State of New York, County of New York.

**COUNT I VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

8. American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et. Seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

9. Congress found, among other things, that:

   a. Some 43,000,000 Americans have one or more physical or mental disabilities and this number shall increase as the population continues to grow older;

   b. Historically, society has tended to segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a persuasive social problem, requiring serious attention;

   c. Discrimination against disabled individuals persist in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   d. Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make

    modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

  e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

  42 U.S.C. §12101(a)(1)-(3),(5) and (9)

10. Congress explicitly stated that the purpose of the ADA was to:

  a. Provide a clear and comprehensive national mandate for the elimination of discrimination against individual with disabilities;

  b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

  c. Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major area of discrimination faced on a daily basis by people with disabilities.

  42 U.S.C. §12101(b)(1),(2) and (4).

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Property, Anthropologie store located at 85 5th Avenue New York, NY 10003, is a place of public accommodation in that it is an establishment which provides goods and services to the public.

12. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject to this action is a public accommodation covered by the ADA and which must be in compliance therewith.

13. The Plaintiff is informant and believes, and therefore alleges that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

14. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at Defendants' Property, in derogation of 42 U.S.C §12101 et. Seq., and as prohibited by 42 U.S.C §12182 et. Seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

15. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' property. Plaintiff visited Defendants' property with the intention of utilizing Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury fact. In addition, Plaintiff continues to reside in New York and will continue to desire to visit the Subject Property in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain at the Subject Property, all in violation of the ADA, and New York State Human Rights Law.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), On July 26, 1991, the Department of Justice, Office of Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the American with Disabilities Act

Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

    17.    The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 et. Seq., ADA and 28 C.F.R. §36.302 et. Seq., and is discriminating against the Plaintiff as a result of inter alia the following specific violations:

    a. Failure to provide an accessible entrance inside street level doors, due to barriers of steps at said entrance, and the failure to install a ramp with appropriate slope and signage, and/or otherwise provide accessible and properly designated entrance, as required by 28 C.F.R. Part 36. These steps represent an insurmountable barrier to independent entry by the Plaintiff and other individuals who use wheelchairs.

    b. Failure to provide a safe and accessible means of egress for emergencies, in violation of 28 C.F.R. Part 36.

    c. The merchandise displays throughout the Subject Facility are inaccessible in violation of 28 C.F.R. Part 36.

    d. The shelves throughout the Subject Facility are inaccessible in violation of 28 C.F.R. Part 36.

    e. Failure to provide handicap accessible checkout counter in violation of 28 C.F.R. Part 36.

    f. Failure to provide adequate space in between the clothing racks upon which clothing hangs denying access throughout the store in violation of 28 C.F.R. Part 36.

        g.  Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R Part 36, Section 4.1.3(16).

        h.  Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

18.     Upon information and belief, there are other current violations of, inter alia, the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

19.     To date, the readily Achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

20.     Pursuant to ADA, 42 U.S.C. §1201 et. Seq. and 28 C.F.R. §36.304, the Defendants were required to make the Subject facility, a place of public accommodation, accessible to person with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

21.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Subject Facility to make them readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Subject Facilities until the requisite modifications are completed.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

22. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "21" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

23. The New York City Human Rights Law provides:

> a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…
>
> NYC Admin. Code §8-107(4)(a).

24. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject facility.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

25. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "24" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

26. The New York State Human Rights Law provides:

    a. It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

    NYS Exec. Law §296 (2)(a).

27. Defendant's property is a place of public accommodation as defined in the New York State Human Right Law.

28. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

29. Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

## ATTORNEY'S FEES AND COSTS

30. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorneys' fees costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

31. Plaintiff prays for judgment pursuant to N.Y. Exec. Law §297, including compensatory damages contemplated by §297§297(9).

**DAMAGES**

32.     The Plaintiff demands five hundred dollars ($500.00) in compensatory damages based on the Defendant's violation of the New York City Human Rights Law and the New York State Human Rights Law.

**INJUNCTIVE RELIEF**

33.     Pursuant to 42 U.S.C. §1288, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants joint and severally and requests the following injunctive and declaratory relief:

   a. The Court declares the Subject Property and Subject Facility owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

   b. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

   c. The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with

disabilities, for such reasonable time to as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

d. The Court award reasonable attorney fees, all costs (including but not limited to court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

e. The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: New York, New York
September 20, 2015

                                        THE MARKS LAW FIRM, PC

By: _____
BRADLY G. MARKS
Attorney for Plaintiff
175 Varick Street, 3rd Fl
New York, NY 10014
T:(646) 770-3775
F: (646) 770- 2639
Brad@markslawfirm.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   1:15-cv-07446

GRACIELA BRETSCHNEIDER DONCOUSE,

                Plaintiff,

    -against-

ANTHROPOLOGIE, INC., A FOREIGN BUSINESS CORPORATION, AND 85 FIFTH AVENUE OWNER LLC, A FOREIGN LIMITED LIABILITY COMPANY

                Defendants,

**SUMMONS AND COMPLAINT**

THE MARKS LAW FIRM, PC
Attorney for Plaintiff
175 Varick Street, 3rd FL
New York, NY 10014