UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

GRACIELA BRETSCHNEIDER DONCOUSE,

                Plaintiff,

vs.

ANTHROPOLOGIE, INC. AND 85 FIFTH AVENUE OWNER, LLC,

                Defendants.

------------------------------------------------------------ X

Case No.: 15 CV 07446

**ANTHROPOLOGIE, INC.'S ANSWER TO THE COMPLAINT**

Defendant Anthropologie, Inc. ("Defendant") by its attorneys, Gordon & Rees, LLP, as and for its Answer to the Complaint filed by Graciela Bretschneider Doncouse ("Plaintiff"), respectfully alleges as follows:

## ANSWERING JURISDICTION AND PARTIES

1. Denies the allegations set forth in Paragraph "1" of the Complaint, except admits that Plaintiff purports to state the relief being requested and the basis for jurisdiction in this Court, and respectfully leave all questions of law to this Court.

2. Denies the allegations set forth in Paragraph "2" of the Complaint, except admits that Plaintiff purports to state the basis for venue in this Court, and respectfully leave all questions of law to this Court.

3. Denies the allegations set forth in Paragraph "3" of the Complaint, except admits that Plaintiff purports to state the basis for the claim under the New York State Human Rights Law ("NYS HRL"), and respectfully leave all questions of law to this Court.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint, except admits that Defendant currently operates a store at 85 5th Avenue, New York, New York (the "Subject Property").

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint, except admits that Defendant is authorized to conduct business in New York State and leases the Subject Property, and denies the remainder of the allegation, and leaves all questions of law to this Court.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint, and denies whether venue is proper, but admits that Plaintiff is purporting to state a basis for venue.

## ANSWERING COUNT I – VIOLATIONS OF THE ADA

8. The allegations contained in Paragraph "8" of the Complaint do not contain any factual averments, but instead contain legal conclusions to which no responsive pleading is required, and Defendant respectfully refers all questions of law to the Court.

9. The allegations contained in Paragraph "9" (and its subsections) of the Complaint do not contain any factual averments related to this action, but instead contain purported findings by Congress to which no responsive pleading is required, and Defendant respectfully refers this Court to any applicable findings by Congress to the extent they are event relevant.

10. The allegations contained in Paragraph "10" (and its subsections) of the Complaint do not contain any factual averments related to this action, but instead contain purported statements by Congress to which no responsive pleading is required, and Defendant

respectfully refers this Court to any applicable statements by Congress to the extent they are event relevant.

11. The allegations contained in Paragraph "11" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusion to which no responsive pleading is required, and Defendant respectfully refers all questions of law to this Court.

12. The allegations contained in Paragraph "12" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusion to which no responsive pleading is required, and Defendant respectfully refers all questions of law to this Court.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint regarding Plaintiff's belief.

14. Denies the allegations set forth in Paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. The allegations contained in Paragraph "16" of the Complaint do not contain any factual averments related to this action, but instead contain purported legal conclusion to which no responsive pleading is required, and Defendant respectfully refers all questions of law to this Court.

17. Denies the allegations set forth in Paragraph "17" of the Complaint, and each and every subsection, and respectfully refers all questions of law to the Court.

18. Denies the allegations set forth in Paragraph "18" of the Complaint, and respectfully refers all questions of law to the Court.

19. Denies the allegations set forth in Paragraph "19" of the Complaint.

20. Denies the allegations contained in Paragraph "20" of the Complaint, and respectfully refers all questions of law to the Court.

21. Denies the allegations set forth in Paragraph "21" of the Complaint, except admits that Plaintiff is purportedly setting forth a basis for his demand injunctive relief.

**ANSWERING COUNT II – VIOLATION OF N.Y.C. HUMAN RIGHTS LAW**

22. In response to Paragraph "22" of the Complaint, Defendant repeats and realleges every response to the allegations contained in paragraphs "1" through "21" of the Complaint as if fully set forth here.

23. The allegations contained in Paragraph "23" of the Complaint do not contain any factual averments, but instead purported to cite an excerpt from N.Y.C. Administrative Code §8-107(4)(a) to which no responsive pleading is required, and Defendant respectfully refers all questions of law to the Court.

24. Denies the allegations set forth in Paragraph "24" of the Complaint.

**ANSWERING COUNT II – VIOLATION OF NYS HRL**

25. In response to Paragraph "25" of the Complaint, Defendant repeats and realleges every response to the allegations contained in paragraphs "1" through "24" of the Complaint as if fully set forth here.

26. The allegations contained in Paragraph "26" of the Complaint do not contain any factual averments, but instead purported to cite an excerpt from N.Y.S. Executive Law §296(2)(a) to which no responsive pleading is required, and Defendant respectfully refers all questions of law to the Court.

27. The allegations contained in Paragraph "27" of the Complaint do not contain any factual averments, but instead makes a legal conclusions regarding whether the Subject Property is a place of public accommodation, and Defendant respectfully refers all questions of law to the Court.

28. Denies the allegations set forth in Paragraph "28" of the Complaint, and respectfully leave all questions of law to this Court.

29. Denies the allegations set forth in Paragraph "29" of the Complaint.

### ANSWERING ATTORNEYS' FEES, AND COSTS

30. Denies the allegations set forth in Paragraph "30" of the Complaint, except admits, upon information and belief, that Plaintiff has retained counsel.

31. Denies the allegation set forth in paragraph "31" of the Complaint, except admits that Plaintiff purports to state a pray for judgment and compensatory relief under N.Y.S. Executive Law §297, and leave all question of questions of law to this Court.

### ANSWERING DAMAGES

32. Denies the allegation set forth in paragraph "32" of the Complaint, except admits that Plaintiff purports to demand compensatory relief under the NYC HRL and NYS HRL in the amount of $500.00.

### ANSWERING INJUNCTIVE RELIEF

33. Denies the allegations set forth in Paragraph "33" of the Complaint, except admits that Plaintiff is purportedly setting forth a basis for his demand for injunctive relief.

34. The Wherefore paragraphs immediately following paragraph "34" of the Complaint state requests for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

36. Plaintiff lacks standing to bring these claims against Defendant.

### THIRD AFFIRMATIVE DEFENSE

37. Plaintiff does not have a legitimate and/or bona fide intent to attempt to access the locations identified in the Complaint other than for the purpose of pursuing litigation and, therefore, lacks standing to bring these claims.

### FOURTH AFFIRMATIVE DEFENSE

38. Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Defendant's alleged violations of the ADA.

### FIFTH AFFIRMATIVE DEFENSE

39. This Court lacks subject matter jurisdiction over this action.

### SIXTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred in whole or in part to the extent Plaintiff is not disabled as defined by the ADA.

### SEVENTH AFFIRMATIVE DEFENSE

41. Defendant denies that it has violated any statute, regulation, common law or public policy or caused damage or injury to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

42. Plaintiff has failed to provide good faith notice to Defendant and/or any opportunity for Defendant to respond regarding any alleged barrier of access to the premises, or goods and services before filing this Complaint.

**NINTH AFFIRMATIVE DEFENSE**

43. At all times relevant to this action, Defendant has acted in good faith to ensure full compliance with Title III of the ADA and all other applicable federal and state disability laws to the extent readily achievable and/or required by law.

**TENTH AFFIRMATIVE DEFENSE**

44. Where Defendant has determined it is not readily achievable to remove barriers, Defendant provides reasonable accommodations and utilizes alternative methods to provide full and equal access to the goods, services, facilities, privileges, advantages and accommodations of the subject premises.

**ELEVENTH AFFIRMATIVE DEFENSE**

45. The accommodations demanded by Plaintiff and/or the removal of the alleged barriers to access of persons with disabilities are not reasonable, readily achievable, feasible and/or would result in an undue burden on Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

46. Defendant did not discriminate against Plaintiff because providing the accommodations that Plaintiff mentioned in the Complaint would have caused Defendant to suffer an "undue hardship" as defined under the applicable laws.

**THIRTEENTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred because the removal of the alleged barriers mentioned in the Complaint is not "readily achievable" or easily accomplished and able to be carried out without much difficulty or expense under the applicable laws.

**FOURTEENTH AFFIRMATIVE DEFENSE**

48. Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the Americans with Disabilities Act and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

**FIFTEENTH AFFIRMATIVE DEFENSE**

49. Plaintiff's claims are barred because any alterations made by Defendant are sufficient in that they satisfy the "to the maximum extent feasible" standard within the meaning of 28 C.F.R. § 36.402(a)(1) and 42 U.S.C. § 12183(a)(2).

**SIXTEENTH AFFIRMATIVE DEFENSE**

50. Plaintiff's claims are barred because, with respect to any particular architectural element of any of the subject property that departs from accessibility guidelines, Defendant has provided "equivalent facilitation" in the form of alternative policies and technologies that provide substantially equivalent or greater access to and usability of the facilities.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

51. Plaintiff's claims are barred because the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of an area of the subject property for any intended purpose.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

52. Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which Defendant is not responsible.

**NINETEENTH AFFIRMATIVE DEFENSE**

53. Defendant denies that Plaintiff has been denied access to the benefits of the services, programs and activities offered by Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

54. Plaintiff's claims are or may be barred by the equitable doctrines of estoppel, laches, waiver, after-acquired evidence, unclean hands.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

55. Plaintiff's claims are or may be barred because they are moot.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

56. Plaintiff's claims are barred or limited to the extent he has failed to mitigate the damages alleged in the Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

57. Plaintiff's claims are barred, in whole or in part, because Defendant has substantially complied with any and all applicable statutes, regulations, constitutional provisions and/or laws.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

58. Defendant did not intentionally impede or impair access to Plaintiff and at all times acted in a manner that was proper, reasonable, lawful and in the exercise of good faith.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

59. Plaintiff is not entitled to recover attorneys' fees to the extent Defendant has or will take appropriate measures to remedy the alleged barriers to access.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

60. Plaintiff's Complaint is couched in broad and conclusory terms. Defendant cannot fully anticipate all defenses that may be applicable to this civil action. Accordingly, Defendant expressly reserves the right to assert any additional defenses that become known during discovery.

**WHEREFORE,** Defendant demands judgment dismissing Plaintiff's Complaint against it, together with the costs and disbursements of this action and all other and further relief that this Court deems just and proper.

Dated: New York, New York
November 23, 2015

                                                Respectfully Submitted,

                                                GORDON & REES, LLP

                                                By: \_\_\_/s/_____
                                                      Mercedes Colwin
                                                      Bran Noonan
                                                *Attorneys for Defendant*
                                                *Anthropologies, Inc.*
                                                One Battery Park Plaza, 28th Floor
                                                New York, NY 10004
                                                (212) 269-5500

TO: **BY ECF**
      The Marks Law Firm, PC
      *Attorneys for Plaintiff*
      175 Varick Street, 3rd Floor
      New York, New York 10014

/25827507v.1