USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/3/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
GRACIELA B. DONCOUSE :
:
                         Plaintiff(s), :    1: 15 -CV- 07446 -GHW
:
                    -v - :    CIVIL CASE MANAGEMENT
:    PLAN AND SCHEDULING
ANTHROPOLOGIE, INC., et al., :    ORDER
:
                    Defendant(s). :
:
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ✔] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. The parties [have ✔ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Alternative Dispute Resolution/Settlement

    a. Settlement discussions [have ☐ / have not ✔] taken place.

    b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:
       N/A

    c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
       A settlement conference before a Magistrate Judge.

d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 3(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   Within 60 days after the close of fact discovery.

e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order. [*Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).*]

6. Fact Discovery

   a. All fact discovery shall be completed no later than March 2, 2106. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by both parties by 1/2/2016.

   c. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by both parties by 1/2/2016.

   d. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by 2/2/2016.

   e. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by 2/1/2016.

   f. Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7. Expert Discovery

    a. Anticipated types of experts, if any:
       Americans w/ disability compliance expert; architect expert

    b. All expert discovery shall be completed no later than 4/17/2016.
       [*Absent exceptional circumstances, a date 45 days from the date in paragraph 6(a) (e.g., the completion of all fact discovery). <u>Omit</u> unless types of experts are identified.*]

    c. No later than 30 days prior to the date in paragraph 6(a) (*i.e.*, the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(b).

8. All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

9. Motions for summary judgment, if any, shall be filed no later than 5/17/2016.
   [*Absent exceptional circumstances, 30 days after discovery closes.*] Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule 2(C), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery. The parties should review the Court's Individual Rule 2(C) for further details on the submission of, and responses to, pre-motion letters. In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

10. The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the Court's Individual Rule 5.

11. This case [is ☑ / is not ☐ ] to be tried to a jury.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is 2-3 days.

13. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
    Potential referral to Magistrate Judge for discovery and/or settlement discussions.

Counsel for the Parties:

_/s/ [signature]_
The Marks Law Firm, Brady Marks
For Plaintiff

/s/ Bran Noonan
Gordon & Rees, LLP
Counsel to defendant Anthropologie, Inc.

[TO BE COMPLETED BY THE COURT:]

The Court will hold a status conference on March 9, 2016 at 4:00 pm. A joint letter updating the Court on the status of the case shall be filed on ECF by March 2, 2016. The letter should include the following information in separate paragraphs:

(1) all existing deadlines, due dates, and/or cut-off dates;

(2) a brief description of any outstanding motions;

(3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

(4) the status of settlement discussions;

(5) the anticipated length of trial and whether the case is to be tried to a jury;

(6) whether the parties anticipate filing motions for summary judgment; and

(7) any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f)) shall be made in a written application in accordance with the Court's Individual Rule 1(E) and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: December 3, 2015
New York, New York

_____
GREGORY H. WOODS
United States District Judge